▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CHEW, Appellant. [834 NYS2d 605]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered September 28, 2004. Defendant was convicted, upon his plea of guilty, of attempted sexual abuse in the first degree and criminal sexual act in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [3]) and criminal sexual act in the second degree (§ 130.45 [1]). Defendant contends that County Court imposed an illegal sentence because he did not have a qualifying predicate conviction under the second child sexual assault felony offender statute (§ 70.07). We reject that contention. Defendant stated at the time of the plea that he was "a second time felony offender for sexual abuse," and the statement filed by the People pursuant to CPL 400.19 set forth that defendant was convicted in 1987 of sodomy in the third degree. When defendant appeared in court for sentencing,

the People noted on the record that the statement filed indicated that the victim who was the subject of the predicate conviction was under the age of seven and that it was the actual age of the child that was controlling, not the age referenced in the statute.

Penal Law § 70.07, which provides for a sentence of imprisonment for second child sexual assault felony offenders, states in relevant part that an essential element of a "sexual assault against a child" is "the commission or attempted commission of sexual conduct" against a child less than 15 years old (§ 70.07 [2]). A necessary element of the former crime of sodomy in the third degree (former § 130.40 [2]), defendant's predicate conviction, was that the victim be under the age of 17. Nevertheless, the record establishes, and defendant does not dispute, that the victim of the prior sexual assault was in fact less than 15 years old.

The sentence is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Centra, Lunn and Green, JJ.